E-FILED  2015 NOV 04 3:59 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| VICTOR EPSTEIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DES MOINES REGISTER AND<br>TRIBUNE COMPANY, an Iowa<br>corporation, and GANNETT CO., INC., a<br>Delaware corporation,<br><br>　　　　　　Defendants. | NO. _____<br><br>**PETITION AT LAW AND JURY<br>DEMAND** |

Plaintiff states:

### PARTIES, JURISDICTION AND VENUE

1.　　　Plaintiff Victor Epstein ("Plaintiff") is an individual residing in Polk County,

Iowa.

2.　　　Defendant Des Moines Register and Tribune Company (the "Register") is a

corporation incorporated in the State of Iowa with its principal offices in Des Moines, Polk

County, Iowa, and is a wholly-owned subsidiary of Defendant Gannett Co. Inc.

3.　　　Defendant Gannett Co., Inc. ("Gannett") is a corporation incorporated in the State

of Delaware with its home office in McLean, Virginia, and is the Register's parent corporation.

The Register and Gannett will be referred to herein collectively as the "Defendants."

4.　　　Plaintiff brings this action pursuant to the Iowa Wage Payment Collection Law,

Iowa Code Chapter 91A, and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

5.　　　Pursuant to 29 U.S.C. § 216(b), this Court has jurisdiction to hear Plaintiff's Fair

Labor Standards Act claims.

1

**EXHIBIT A**

E-FILED  2015 NOV 04 3:59 PM POLK - CLERK OF DISTRICT COURT

6.     This action is properly venued in Polk County as The Register resides in Polk County, and Plaintiff's damages were sustained in Polk County.

## FACTUAL ALLEGATIONS

7.     Plaintiff was employed by the Register from June 25, 2012 until October 31, 2014 as a business and insurance reporter.

8.     While Plaintiff has hired by the Register, his paychecks were issued from Gannett.

9.     As the Register's parent company, Gannett controlled the Register's overtime wage payment policies, and it was Gannett's human resource staff that implemented and managed the Register's human resource policies.

10.     Based on the above, Gannett actually participated in managing Plaintiff's employment relationship with the Register.

11.     Plaintiff's employment status was as a regular, non-exempt employee, and he was paid on an hourly basis.

12.     As an hourly, non-exempt employee, Defendants were required to pay time and a half to Plaintiff for any hours he worked above forty hours per week.

13.     Plaintiff's official workday was from 8:30 a.m. to 5:30 p.m., with an hour unpaid lunch break.

14.     Despite Defendants' official workday policy, Plaintiff was required to arrive at work between 7 and 8 a.m. and stay at the office until 7 or 8 p.m., work through his supposed unpaid lunch hour, and constantly be on call, checking e-mails before and after his office hours, updating blogs, and communicating with his supervisors when he was not in the office on mornings, evenings and weekends.

2

15.     These requirements placed upon Plaintiff by Defendants, and the workload Defendants assigned to Plaintiff, resulted in Plaintiff working on average 60 to 70 hour workweeks from July 1, 2012 through June 2013; on average 65 hour workweeks for the remainder of 2013; and on average 70 to 75 hour workweeks from January to April 2014.

16.     From the date of his hire through February 2013, Defendants compensated Plaintiff for some, but not all, of his overtime hours – hours Plaintiff worked over the forty-hour workweek.

17.     In March 2013, Plaintiff's supervisor, the Register Business editor Lynn Hicks, instructed Plaintiff that he needed to reduce his overtime submissions, and that Plaintiff needed to do a better job of covering his assignments, his "beat", within the 40-hour workweek.

18.     Plaintiff objected to this demand, and complained to Hicks that he could not possibly cover his assignments without working over 40 hours per week.

19.     In response to Plaintiff complaining regarding Defendants' refusal to pay for overtime wages incurred, Defendants retaliated against Plaintiff by giving him an average annual performance review, despite having recently won both business writing awards from the Iowa Newspaper Association for the work he had done with the Register in 2012.

20.     Plaintiff won those awards for his reporting in 2012 despite only having been with the Register for the latter half of 2012.

21.     In April 2013 Hicks again demanded that Plaintiff not seek overtime wages for time worked over the 40-hour workweek.

22.     Plaintiff continued to work well over 40 hours per week, but did not submit for overtime wages, having been warned by his supervisor not to do so.

23.     In April 2013, Plaintiff won the first place award for business feature writing in

the annual Great Plains Journalism Awards, and was one of three finalists in the business reporting category.

24.    On May 17, 2013, Plaintiff wrote to Hicks and Managing Editor Carol Hunter to again complain about his compensation and the Register's demand that he not submit overtime hours, despite working over 40 hours per week every week since he started with the Register.

25.    In that correspondence, Plaintiff stated that he would be willing to explore different compensation arrangements, and that he was "open to any legal alternative to working for free."

26.    Plaintiff wrote Hunter again on May 29, 2013 to complain about not being paid for overtime, stating that his "workload is not sustainable at any level of pay at 40 hours or even 50 hours."

27.    Plaintiff also stated in that correspondence that his "sense is that there's some kind of rule against OT unless it's for breaking news in the newsroom right now.  I don't think that rule should apply to me when you have me carrying so much more than my share of the workload on this business team."

28.    In June 2013, in an attempt to assuage Plaintiff's concern that he was not being compensated for his overtime hours, the Register's editor-in-chief, Rick Green, informed Plaintiff that Plaintiff would begin to receive five hours per week in overtime pay.

29.    While Plaintiff did receive the five hours per week in overtime pay from July 2013 through the end of 2013, he worked considerably more overtime hours than five hours per week.

30.    In March 2014, Epstein won the Society of American Business Editors and Writers' Best in Business Award, Newspaper Features category.

31.     In March 2014, again in response to Plaintiff complaining regarding Defendants' refusal to pay for overtime wages incurred, Defendants retaliated against Plaintiff by giving him another average annual performance review, despite having recently won this other award for his reporting.

32.     In April 2014, Plaintiff won the first place award for business feature writing in the annual Great Plains Journalism Awards for the second straight year, and was also the winner in the business reporting category (having been one of the three finalists in that category in 2013).

33.     In April 2014, as a result of the increasing stress he was under, Plaintiff was diagnosed with extremely high blood pressure and was forced to take FMLA leave in late April 2014.

34.     In June 2014, Plaintiff attempted to return to work, but was unable to do so. Plaintiff requested to return to work part-time, but Defendants instructed Plaintiff that he has to return fulltime or not return at all.

35.     In July 2014, Plaintiff's FMLA leave ended, forcing him to go on short-term disability.

36.     In September 2014, Defendants announced a restructuring plan requiring all reporters to apply for new jobs.

37.     In October 2014, while still an employee of Defendants, Plaintiff interviewed for two of these new jobs – economic trends reporter and business columnist. A recent college graduate was the only other candidate of the reporter position, and Hicks was the only other candidate for the columnist position.

38.     On October 31, 2014, Defendants informed Plaintiff that he did not get either of

the two positions for which he interviewed, and further informed Plaintiff that they were terminating his employment effective immediately.

39.     Defendants' decisions to not hire Plaintiff for either of these new positions, and to terminate Plaintiff's employment were in retaliation for Plaintiff complaining about Defendants' practice of not paying Plaintiff the overtime for which he was owed.

40.     In April 2015, Plaintiff won the first place award for business feature writing in the annual Great Plains Journalism Awards for the third straight year, and was again a finalist in the business reporting category.

### COUNT I: VIOLATION OF 29 U.S.C. § 207

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 40 above.

41.     As described in detail above, Defendants regularly employed Plaintiff for workweeks longer than forty hours and willfully refused to compensate Plaintiff for hours he worked over forty hours at a rate of one and one-half times the regular rate at which he was employed.

42.     By failing and willfully refusing to compensate Plaintiff at the required overtime rate, Defendants are in violation of 29 U.S.C. § 207.

43.     Defendants' actions were in willful violation of 29 U.S.C. § 207.

44.     Pursuant to 29 U.S.C. § 216(b), based on their violations of 29 U.S.C. § 207, Defendants are liable to Plaintiff in the amount of his unpaid overtime compensation, and an additional equal amount as liquidated damages.

**WHEREFORE**, Plaintiff prays for a money judgment against Defendants, jointly and severally, in an amount fully sufficient to compensate him for his unpaid overtime compensation,

for liquidated damages equal to the overtime wages owed, for attorney's fees and costs, and for such other relief as the Court may deem appropriate as a result of Defendants' willful violation of the provisions of 29 U.S.C. § 207.

## COUNT II: VIOLATION OF 29 U.S.C. § 215(a)(3)

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 44 above.

46.     As described in detail above, Defendants terminated and otherwise discriminated against Plaintiff because he complained that Defendants' actions were in violation of applicable hour and wage laws.

46.     Defendants' actions were in violation of 29 U.S.C. § 215(a)(3).

47.     Pursuant to 29 U.S.C. § 216(b), based on their violations of 29 U.S.C. § 215(a)(3), Defendants are liable to Plaintiff in the amount of lost wages, and an additional equal amount as liquidated damages.

**WHEREFORE**, Plaintiff prays for a money judgment against Defendants, jointly and severally, in an amount fully sufficient to compensate him for his lost wages, for liquidated damages equal to Plaintiff's lost wages resulting from his termination, for attorney's fees and costs, and for such other relief as the Court may deem appropriate as a result of Defendants' violation of 29 U.S.C. § 215(a)(3).

## COUNT III: RECOVERY OF WAGES UNDER IOWA CODE § 91A.8

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 47 above.

48.     As described in detail above, Defendants have intentionally failed to pay Plaintiff his overtime wages owed, in violation of Iowa Code § 91A.3.

E-FILED  2015 NOV 04 3:59 PM POLK - CLERK OF DISTRICT COURT

49.    Pursuant to Iowa Code § 91A.8, Plaintiff is entitled to damages in an amount exceeding this Court's jurisdictional minimum constituting the wages that Defendants have intentionally failed to pay, plus liquidated damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff prays for a money judgment against Defendants, jointly and severally, in an amount fully sufficient to compensate him for his unpaid overtime wages, for liquidated damages, for attorney's fees and costs, and for such other relief as the Court may deem appropriate as a result of Defendants' willful violation of the provisions of Iowa Code Section 91A.3.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable to a jury in this case.

/s/ Wesley T. Graham
Wesley T. Graham     AT0011184
GRAHAM, ERVANIAN & CACCIATORE, L.L.P.
317 Sixth Avenue, Suite 900
Des Moines, IA  50309
Telephone:  (515) 244-9400
Facsimile:  (515) 282-4235
wwg@grahamlawiowa.com
wtg@grahamlawiowa.com
ATTORNEYS FOR PLAINTIFF

8

E-FILED 2015 NOV 09 1:45 PM POLK - CLERK OF DISTRICT COURT

# AFFIDAVIT OF
# RETURN OF SERVICE

**STATE OF IOWA**                                                                    **CASE #LACL133934**

**POLK COUNTY**

**CASE NAME:**                        VICTOR EPSTEIN
                                              **VS**
                DES MOINES REGISTER AND TRIBUNECOMPANY,
                AN IOWA COROARATION, AND GANNETT CO., INC. A
                           DELAWARE CORPORATION

I, the undersigned, being duly sworn on oath, do hereby depose and state that I received the
**ORIGINAL NOTICE; AND PETITION AT LAW AND JURY DEMAND**

Received on the 5 day of November, 2015; served on the 6 day of November, 2015 at 9:10am

I served the same on the within name Gannett Co., Inc.
At 400 E. Court Ave., **DES MOINES, IOWA**

by delivering a true and identical copy of each such item in the following manner:

_____        I served the same by delivering a copy thereof to the above personally.

_____        I served the same on the above person at the person's dwelling house or usual place
               of abode, by there delivering a copy thereof to a member of the family, or a manager,
               clerk, proprietor or custodian named and described below, a person who was then at
               least eighteen years old, who resides at this address.

   X           I served to above company, corporation, etc., by delivering a copy to the person
_____        named and described below. Said service was made at the address shown below, if
               any otherwise at the above address.

| | | |
|---|---|---|
| Service Fee | _____ | Located at _____ |
| Mileage | _____ | Remarks    c/o CT Corporation System- |
| | | Registered Agent / Laura Graham |
| Service Charge | _____ | _____ |

Total Charges:  $35.00                        By: _Raymond C Mills_
                                                   C Miller Investigations, Inc.

Subscribed and sworn to before by the said Raymond Miller
In Polk County, Iowa on this the 9 day of November, 2015

                                              By: _Donna Clay_
                                                  Notary Public for the State of Iowa

                                                  DONNA C RAY
                                                  Commission Number 781706
                                                  My Commission Expires
                                                  December 6, 2016

E-FILED  2015 NOV 09 1:45 PM POLK - CLERK OF DISTRICT COURT

# AFFIDAVIT OF
# RETURN OF SERVICE

**STATE OF IOWA**                                                        **CASE #LACL133934**

**POLK COUNTY**

**CASE NAME:**                        **VICTOR EPSTEIN**
                                              **VS**
              **DES MOINES REGISTER AND TRIBUNECOMPANY,**
              **AN IOWA CORORATION, AND GANNETT CO., INC. A**
                        **DELAWARE CORPORATION**

I, the undersigned, being duly sworn on oath, do hereby depose and state that I received the
**ORIGINAL NOTICE; AND PETITION AT LAW AND JURY DEMAND**

Received on the 5 day of November, 2015; served on the 6 day of November, 2015 at 9:10am

I served the same on the within name Des Moines Register and Tribune Company
At 400 E. Court Ave., **DES MOINES, IOWA**

by delivering a true and identical copy of each such item in the following manner:

_____    I served the same by delivering a copy thereof to the above personally.

_____    I served the same on the above person at the person's dwelling house or usual place

              of abode, by there delivering a copy thereof to a member of the family, or a manager,
              clerk, proprietor or custodian named and described below, a person who was then at
              least eighteen years old, who resides at this address.

___X___     I served to above company, corporation, etc., by delivering a copy to the person

              named and described below.  Said service was made at the address shown below, if
              any otherwise at the above address.

Service Fee    _____      Located at    _____

Mileage         _____      Remarks      c/o CT Corporation System-
                                                              Registered Agent / Laura Graham
Service Charge _____                    _____

Total Charges:  $35.00

By: _Raymond C Miller_
C Miller Investigations, Inc.

Subscribed and sworn to before by the said Raymond Miller
In Polk County, Iowa on this the 9 day of November, 2015

By: _Donna Clay_
Notary Public for the State of Iowa

DONNA C RAY
Commission Number 781706
My Commission Expires
December 6, 2016

E-FILED  2015 DEC 01 11:54 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| VICTOR EPSTEIN<br>    Plaintiff(s)<br><br>vs.<br><br>DES MOINES REGISTER AND<br>TRIBUNE COMPANY<br>GANNETT CO INC<br><br><br>    Defendant(s) | 05771  LACL133934<br><br>**ORDER TO EXPEDITE DISPOSITION** |

   Upon examination of the above file, upon the Court's own motion, the Court finds that the Defendant(s) have been duly served with notice, no appearance or answer has been timely filed on behalf of Des Moines Register and Tribune Company and Gannett Co, Inc, and no pleadings have been filed to conclude this matter.

   **IT IS THEREFORE ORDERED** that the Plaintiff shall within thirty (30) days of the Order take steps to pursue the relief requested by filing the appropriate pleadings including dispositive motions or a dismissal of the case.

   If no action is taken within 30 days of this Order, sanctions may be imposed which may include dismissal of the Petition.

   **SO ORDERED** 12/01/2015.

E-FILED  2015 DEC 01 11:54 AM POLK - CLERK OF DISTRICT COURT



State of Iowa Courts

| **Case Number** | **Case Title** |
|---|---|
| LACL133934 | VICTOR EPSTEIN VS DSM REGISTER ET AL |
| **Type:** | OTHER ORDER |

So Ordered

*Robert B. Hanson*

**Robert B. Hanson, District Court Judge,
Fifth Judicial District of Iowa**

Electronically signed on 2015-12-01 11:54:52

2 of 2

E-FILED  2015 DEC 04 10:33 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

VICTOR EPSTEIN,

      Plaintiff,

NO.  05771 LACL 133934

  vs.

DES MOINES REGISTER AND
TRIBUNE COMPANY, an Iowa
corporation, and GANNETT CO., INC., a
Delaware corporation,

      Defendants.

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employers, Des Moines Register and Tribune Company, and Gannett Co., Inc. to recover unpaid overtime wages.

2. During the past three years, there were weeks when I worked overtime hours (over 40 per week) for Des Moines Register and Tribune Company and Gannett Co., Inc. as a reporter 1, reporter 2, senior reporter, or in a similar job title.  I did not receive proper overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Des Moines Register and Tribune Company and Gannett Co., Inc.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 2/5/15

Signature

Print Name